536 So.2d 671 (1988)
STATE of Louisiana
v.
Michael L. REXRODE.
No. CR88-420.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
*672 Louis Cosenza, Leesville, for defendant-appellant.
Vernon Clark, Asa Skinner, Asst. Dist. Attys., Leesville, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
GUIDRY, Judge.
On April 2, 1987, appellant, Michael Rexrode, was charged by bill of information with two counts of distribution of marijuana, a violation of La. R.S. 40:966.[1] On November 9, 1987, a twelve person jury found appellant guilty as charged. Appellant was subsequently sentenced to serve five years at hard labor on each count and fined a total of $3,500.00. The prison sentences, directed to run concurrently, were suspended and appellant was placed on supervised probation for a period of five years. Appellant seeks review of his conviction based on six assignments of error. Assignments of error numbered 2, 4 and 5 have not been briefed and therefore, are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

FACTS
On January 23, 1987, a Criminal Investigation Division (C.I.D.) investigator from Fort Polk was instructed by her superiors to gather criminal intelligence at a lounge in Vernon Parish. The investigator, Valarie Vigil, proceeded to the lounge where she met appellant, Michael Rexrode. After shooting pool, appellant invited Vigil to his trailer home to smoke marijuana. While in the trailer, the investigator procured a small quantity of marijuana from appellant for which she paid $25.00. The investigator returned to her office and reported the purchase to her supervisor.
On February 6, 1987, the Army Criminal Investigation Division, in conjunction with the Vernon Parish Sheriff's Office, planned a controlled narcotics purchase from appellant. A listening device was placed on the C.I.D. investigator and she was supplied with $100.00 with which to purchase narcotics. At about 9:00 p.m., the investigator, followed by several police officers, drove south on U.S. Highway 171, to the Pleasure Palace where appellant was employed as a disc jockey. The investigator entered the lounge while the officers set up *673 surveillance from the opposite side of the highway. Upon entering the lounge, the investigator asked appellant whether he had contacted anyone regarding the possibility of purchasing narcotics. Appellant informed the investigator that he had not but instructed co-defendant, Guy Polzin, to visit an adjoining lounge and determine whether marijuana could be purchased there. At that time, Polzin walked to the Oriental Gardens and spoke with co-defendant, Gwenevere Friend, about the availability of marijuana. Friend, whose roommate was in possession of marijuana, informed Polzin that several bags were available for purchase. Polzin then returned to the Pleasure Palace and escorted the investigator back to the Oriental Garden. After being introduced to the investigator, Friend sold her three bags of marijuana for $75.00. The sale was made in the restroom at Oriental Gardens. At no time during the incident did appellant leave the Pleasure Palace.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, appellant contends the trial court erroneously forced defense counsel to exercise two peremptory challenges by improperly refusing to discharge two prospective jurors for cause. Appellant argues personal factors revealed during voir dire established that the relationship of these two potential jurors to persons in the district attorney's office and law enforcement agencies precluded impartiality and entitled defendant to challenges for cause.
La. C.Cr.P. art. 797(2) and (3) provide:
"The state or the defendant may challenge a juror for cause on the ground that:
* * * * * *
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict."
The fact that a prospective juror is acquainted with a party named in La. C.Cr.P. art. 797(3) is not in itself grounds for a challenge for cause. The facts must reasonably lead to the conclusion that the relationship would influence the juror in arriving at a verdict. State v. Mills, 505 So.2d 933 (La.App. 2d Cir.1987), writ denied, 508 So.2d 65 (La.1987). A challenge for cause should be granted, even if the juror declares an ability to remain impartial, when the juror's responses reveal facts from which bias, prejudice or impartiality may be reasonably implied. The trial judge is afforded wide discretion in ruling on a challenge for cause and the ruling should not be disturbed absent an abuse of discretion. State v. Brown, 496 So.2d 261 (La.1986); State v. Jones, 474 So.2d 919 (La.1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986), rehearing denied, 478 U.S. 1032, 107 S.Ct. 13, 92 L.Ed.2d 768 (1986); State v. Burge, 498 So.2d 196 (La. App. 1st Cir.1986).
During voir dire, Glenda McInnis was questioned concerning her relationship with parties involved in the case. This juror stated that although she "knew of" the prosecutors trying the case, she had no social or professional relationship with them. She stated that an assistant district attorney not involved in the prosecution, had been her family attorney for several years. The juror acknowledged that her husband was once an auxillary police officer and that she attended social functions with a narcotics officer who was to testify in the instant case. Finally, the juror reported a close personal friendship with the Vernon Parish sheriff. Despite these relationships, the juror expressed an ability to follow the law and accepted the principle that proof of guilt beyond a reasonable doubt was the State's burden of proof. Finally, the juror stated her husband's former *674 position and her social relationship with the Sheriff would not affect her impartiality and would not influence her to give greater credibility to the testimony of police officers. Considering these responses, the trial court did not abuse its discretion in denying the defense's challenge for cause of Mrs. McInnis. See State v. Carthan, 377 So.2d 308 (La.1979) and State v. Smith, 466 So.2d 1343 (La.App. 3rd Cir. 1985).
Coleman James, a potential juror, stated that one of the assistant district attorneys prosecuting the case had handled a legal matter for him some five years previously. The juror also stated that he, Lt. Gaskin of the Louisiana State Police, a potential witness (who, as it turns out, did not testify), and the Vernon Parish District Attorney were members of the same fraternal organization, but were members of different "lodges". He further stated that he knew the sheriff socially. Defendant's challenge of this prospective juror for cause was denied.
The juror expressed an ability to be impartial and to follow the law as given by the trial judge. The juror said his decision would not be based on sympathy, bias or prejudice. Finally, the juror expressed an understanding of the heavy burden of proof on the State and an ability to acquit appellant if the burden was not met. In as much as the relationships between the prospective juror and the attorneys and trooper were casual, we find it was not an abuse of discretion by the trial judge to deny a challenge for cause absent some showing that the juror was incapable of serving impartially. See State v. Baldwin, 388 So. 2d 664 (La.1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 901, 66 L.Ed.2d 830 (1981).
In State v. McIntyre, 381 So.2d 408 (La. 1980), certiorari denied, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 90, our Supreme Court stated:
"This court has repeatedly held that the trial court is vested with broad discretion in ruling on challenges for cause and that the trial court's ruling will be reversed only when it appears, upon review of the voir dire as a whole, that the court's exercise of its discretion has been arbitrary or unreasonable, resulting in prejudice to the accused. State v. Dickinson, 370 So.2d 557 (La.1979); State v. Webb, 364 So.2d 984 (La.1978); State v. Drew, 360 So.2d 500 (La.1978). Furthermore, a charge of bias may be removed by the rehabilitation of a prospective juror. See State v. Webb, supra; C.Cr.P. 797. There have been instances, however, in which we have held that, because of the totality of the circumstances, it was unreasonable for the trial court to conclude that a prospective juror could be impartial despite his manifestations that he could. State v. Monroe, 366 So. 2d 1345 (La.1978); State v. McIntyre, supra."
Our review of the record reveals no error in the trial court's refusal to discharge the prospective jurors for cause.

ASSIGNMENT OF ERROR NO. 3
By this assignment of error, appellant argues the trial judge erred in denying a defense motion for a mistrial based on comments made by the prosecutor during opening argument. In particular, appellant maintains the prosecutor impermissibly made reference to other crimes committed by appellant.
La. C.Cr.P. art. 770 states:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; ..."
References to the res gestae of a crime during opening statements are neither improper nor prohibited. La. R.S. 15:447, 448; State v. Jackson, 450 So.2d 1053 (La.App. 1st Cir.1984), writ denied, 494 So.2d 321 (La.1986). When other crimes evidence falls within the res gestae exception to the prohibition against other *675 crimes evidence, the state need not provide notice to the accused. State v. Belgard, 410 So.2d 720 (La.1982).
The general rule precluding reference to other crimes evidence seeks to ensure that a person charged with a crime will be convicted only if the state meets its burden of proving the accused is guilty of the crime with which he is charged. It is improper to establish present guilt through use of evidence of general bad character or of different criminal acts. State v. Abercrombie, 375 So.2d 1170 (La.1979), cert. denied, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980). Res gestae events constituting other crimes are deemed admissible because they are so nearly connected to the charged offense that the prosecution could not accurately present its case without reference to them. State v. Haarala, 398 So.2d 1093 (La.1981); State v. Broadway, 440 So.2d 828 (La.App. 2d Cir.1983).
During his opening statement, the prosecutor outlined the facts surrounding the second purchase of marijuana by the undercover investigator. The prosecutor culminated the outline of facts with the following:
"Upon receiving the three bags, they exited the ladies restroom and Guy Polzin and Valarie Vigil then left the Oriental Gardens and went back to the Pleasure Palace and met up with Michael Rexrode. Now, it's important and you will hear testimony, ladies and gentlemen, that Michael Rexrode didn't do this out of the kindness of his heart, you will hear testimony that he expected to receive something in return. And, that is that he expected to receive a cut of the marijuana that was purchased. And, that he, in fact, did receive a cut of that marijuana that was purchased by Valarie Vigil after she returned to the Pleasure Palace, the interior of the Pleasure Palace and went outside where they could be observed by the officers across the street, Dale Miller, Prentiss Dixon and Mr. Chemel and that they stood out there and smoked some of the marijuana that had been purchased."
Defense counsel moved for a mistrial arguing that any distribution terminated when the investigator (Vigil) left the restroom after making payment for marijuana. The references to later events are asserted to be impermissible reference to another crime, that is, possession or a distribution of marijuana for which defendant was not indicted. The trial judge rejected appellant's motion finding the objectionable incident to be a part of a continuous transaction. An offer by the trial judge for an admonition to the jury was rejected by defense counsel.
The objectionable activity referred to by the prosecutor was part of a continuous series of events surrounding a marijuana distribution with which appellant was charged as a principal. The activity after the sale furthered the State's assertion that appellant actively aided and abetted in the transaction. These events were so closely connected in time and place to the transaction for which appellant stands indicted as to form part of that event. The prosecutor's comment was a reference to events which were part of the res gestae of the crime. The reference was, therefore, not prohibited nor was advance notice to appellant mandated. The trial judge did not err in denying defendant's motion for a mistrial.

ASSIGNMENT OF ERROR NO. 6
Appellant asserts that the trial court erred in denying his motion for a post-verdict judgment of acquittal urging that the evidence produced at trial was insufficient to support a guilty verdict on either count of distribution of marijuana. With reference to count two, appellant contends the evidence fails to establish that he acted as a principal in the February 6, 1987 narcotics sale.
The standard for appellate review in determining the sufficiency of the evidence is, whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *676 (1979); State v. Edwards, 400 So.2d 1370 (La.1981); State v. Williams, 457 So.2d 902 (La.App. 3rd Cir.1984), writ denied, 461 So. 2d 313 (La.1984). A conviction of distribution of marijuana requires the prosecution only to establish general criminal intent. State v. Banks, 307 So.2d 594 (La.1975); State v. Wysinger, 479 So.2d 673 (La.App. 3rd Cir.1985).
In count one, the Army investigator testified that she accompanied appellant to his trailer where she paid appellant $25.00 for a bag containing a small quantity of a substance later positively identified as marijuana. The purchase was immediately reported to the investigator's supervisor. The testimony of a single witness to a drug transaction can be sufficient to support a conviction. The determination of the credibility of the witness lies within the sound discretion of the trier of fact and should not be disturbed unless clearly contrary to the evidence. State v. Brian, 502 So.2d 293 (La.App. 3rd Cir.1987); State v. Emerick, 499 So.2d 195 (La.App. 2d Cir. 1986). Viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found appellant guilty to count one beyond a reasonable doubt.
As to count two, the State alleged appellant was guilty of distribution of marijuana as a principal pursuant to La. R.S. 14:24. Therefore, it was not necessary for the State to prove that appellant physically possessed or delivered the marijuana to sustain the conviction. State v. Bernard, 441 So.2d 817 (La.App. 3rd Cir.1983). All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. La. R.S. 14:24.
In State v. Cook, 460 So.2d 1075 (La.App. 2d Cir.1984), writ denied, 466 So. 2d 465 (La.1985), the court found sufficient evidence to prove defendant guilty as a principal to distribution of marijuana where defendant informed an undercover narcotics agent that he would not sell him marijuana but directed the officer to meet a specified person on a street corner. That person then sold marijuana to the officer.
In the instant case, the undercover investigator inquired whether appellant had narcotics for sale. Although appellant stated he did not, he instructed Polzin, his roommate and co-defendant, to inquire about the availability of marijuana at a nearby lounge. The confederate was able to complete these instructions by producing a willing seller. Therefore, appellant aided the illegal transfer of marijuana by indirectly procuring the party who actually consumated the sale. This evidence, viewed in a light most favorable to the State, was sufficient to justify a rational trier of fact in concluding appellant aided and abetted in the distribution of marijuana and indirectly procured another to commit the crime.
This assignment of error is without merit.
For the reasons stated above, defendant's convictions and the sentences imposed are affirmed.
AFFIRMED.
NOTES
[1] Two co-defendants were named in the same bill of information. One co-defendant, Gwenevere Friend, pleaded guilty and testified against appellant and co-defendant, Guy Polzin. Appellant and Polzin were tried together. Polzin was convicted on one count and is also appealing that conviction urging separate and distinct assignments of error. See State v. Polzin, 536 So.2d 667 (La.App. 3 Cir.1988) handed down this date.