DOMENGEAUX, Chief Judge.
Defendant, Marvin C. Love, was convicted of aggravated battery, a violation of La.R.S. 14:34. He was sentenced to three *1077 years at hard labor, which sentence was suspended, and he was placed on three years supervised probation. Defendant now appeals his conviction, alleging two assignments of error.
In his first assignment of error, defendant contends the trial judge erred in overruling his objections to the racially discriminatory exercise of peremptory challenges by the prosecutor. In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court held that a violation of the Equal Protection Clause of the Fourteenth Amendment occurs when a prosecutor, in a case against a member of a cognizable racial group, exercises peremptory challenges to remove members of the defendant’s race from the jury venire for a discriminatory purpose.
The rule of Batson was expanded in 1991 to allow any criminal defendant or civil litigant to object to race based exclusions of jurors effected through peremptory challenges even if the defendant or litigant and the excluded juror do not share the same race. Powers v. Ohio, — U.S.-, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); Edmonson v. Leesville Concrete Co., Inc., — U.S.-, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). Louisiana has codified this jurisprudence at La.C.Cr.P. Art. 795(C) which forbids the State to exercise a peremptory challenge “based solely upon the race of the juror.”
In the case before us, the prosecutor exercised three peremptory challenges, two of which were used to exclude blacks from this six person jury. When the first black venireperson was challenged, defendant raised a Batson objection. The trial judge found no evidence of a prima facie showing of purposeful discrimination and therefore did not require the prosecutor to offer a neutral, non-race based explanation for the challenge. When the second black venire-person was challenged, the trial judge responded to defendant’s Batson objection by requiring the prosecutor to explain his challenge. After the prosecutor offered his reason for the challenge, the trial judge was satisfied that no purposeful discrimination had taken place.
Concerning the prosecutor’s first peremptory challenge of a black venireper-son, we note that the trial judge was correct in determining whether a prima facie showing of purposeful discrimination had been made before requesting a neutral explanation for the challenge. In State v. Velez, 588 So.2d 116 (La.App. 3d Cir.1991), we discussed the elements of such a prima facie showing and how those elements can vary from case to case depending upon the factual circumstances present. We refer the reader to the- Velez opinion for a jurisprudential analysis of this subject which we will not reiterate herein.
The circumstances of this case reveal that both the defendant and the victim are black men. The alleged crime occurred in a nightclub frequented by blacks. The challenged venire member, a black male, was the seventh venireperson called for questioning. In that group of seven, one black was excused for cause, the defendant challenged one black and two whites, and the prosecutor challenged one black and one white. The prosecutor asked similar questions of black and white venirepersons and spent generally as much time questioning blacks as whites.
We agree with the trial judge that at this point in the jury selection process, when the prosecutor exercised his first peremptory challenge against a black venireman, no prima facie showing of purposeful discrimination had been made. As the courts in Powers and Velez pointed out, the existence of a racial identity between the defendant and the excluded juror is but one factor to be considered in determining whether a prima facie showing of race prejudice has been made. Given the facts of the case before us, we find no error in the trial court’s refusal to require the prosecutor to justify the challenge at issue.
Turning now to defendant’s objection to the prosecutor’s peremptory challenge of a black female, we note that this challenge was the prosecutor’s third and final challenge. At the time of the challenge, three jury members had been seated, and all three were white. Both the prose *1078 cutor and defendant had challenged one black each. Without discussion, the trial judge required the prosecutor to state his reason for the challenge.
The prosecutor stated that the venireper-son was excluded because her son had been convicted of murder and actually served time in prison. The court stated that this was a racially neutral and acceptable explanation for the exclusion of the venireper-son. In State v. Griffin, 568 So.2d 334 (La.App. 3d Cir.1990), writ denied, 567 So.2d 100 (La.1990), the court held the State’s exercise of a peremptory challenge of a black venireperson who answered too hesitantly and who had a brother who had been convicted of theft was a proper nonracial explanation for the use of a peremptory challenge. In State v. Bargeman, 549 So.2d 1293 (La.App. 3d Cir.1989), writ denied, 559 So.2d 134 (La.1990), the court held the State’s exercise of a peremptory challenge against a prospective black juror was not based on race because the juror was acquainted with the defendant's mother and had a brother who had been convicted of homicide.
In the case sub judice, the trial court found the State did not use its peremptory challenge solely on the basis of race, but instead used the challenge to remove a prospective black juror who stated she could be objective and fair, but who potentially harbored prejudice against the district attorney because her son had been convicted of a crime. We find no error in the trial court’s findings.
In his second assignment of error, defendant contends the trial court erred in its denial of his challenge for cause of a venireperson who was a friend of the district attorney. The venireperson said that he and the district attorney are frequent social companions and that he employed the district attorney as his personal attorney for several years. Because of this close friendship and attorney-client relationship, defendant contends his challenge for cause was valid and should have been granted by the trial judge.
La.C.Cr.P. Art. 797 provides in pertinent part:
The state or the defendant may challenge a juror for cause on the ground that:
⅝ ⅝ # # * #
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict.
The fact that a prospective juror is acquainted with a party named in La.C.Cr.P. Art. 797(3) is not in itself grounds for a challenge for cause. The facts must reasonably lead to the conclusion that the relationship would influence the juror in arriving at a verdict. A challenge for cause should be granted even if the juror declares an ability to remain impartial when the juror’s responses reveal facts from which bias, prejudice, or impartiality may be reasonably implied. The trial judge is afforded wide discretion in ruling on a challenge for cause, and the ruling should not be disturbed absent an abuse of discretion. State v. Rexrode, 536 So.2d 671, at 673 (La.App. 3d Cir.1988).
The record herein reveals no facts which show the challenged venireperson would be biased, prejudiced, or impartial towards the defendant. In fact, he said that his relationship with the district attorney would not lead him to favor the State’s side of the case. He further stated that he could be impartial and would follow the law as given by the trial judge. Additionally, this case was not tried by the district attorney but was prosecuted by an assistant district attorney.
In the Rexrode case, the court held there was no error in the trial court’s refusal to dismiss a prospective juror for cause because the assistant district attorney prosecuting the case had handled a legal matter for this prospective juror. Similarly, another prospective juror had previously been represented by an assistant district attorney not involved in this prosecution, and *1079 the trial judge refused to excuse her for cause.
Accordingly, given the facts in the record before us, we find no abuse of discretion in the trial court’s denial of defendant’s challenge for cause of this venireperson. For the foregoing reasons, the conviction and sentence of Marvin C. Love are affirmed.
AFFIRMED.