595 So.2d 765 (1992)
STATE of Louisiana
v.
Pervis A. PARKER.
No. 89-KA-1987.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1992.
Harry F. Connick, Dist. Atty., Charmagne Padua, Asst. Dist. Atty., New Orleans, for plaintiff.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before SCHOTT, C.J., and ARMSTRONG and JONES, JJ.
ARMSTRONG, Judge.
Defendant, Pervis Parker, was charged with distribution of cocaine, a violation of LSA-R.S. 40:967. After a trial, a twelve member jury found him guilty as charged. He was sentenced to serve ten years at hard labor. The State subsequently filed a multiple bill against him. On the date of the hearing, September 18, 1989, the multiple bill was withdrawn.[1] It is from this *766 conviction and sentence that Parker has filed this appeal.
The record reflects that on April 6, 1989, at approximately 5:00 p.m., Officers Mark Mornay and Sam Poole were working undercover. Officer Mornay was driving a van through the Fifth District with Officer Poole concealed in the back of the vehicle. While driving down the 5000 block of Royal Street, Officer Mornay observed Parker walking with two other men.
Parker flagged Officer Mornay down. When the van stopped, Parker approached and inquired what Officer Mornay was "looking for." Officer Mornay responded by asking what Parker had. Parker told him his companions had a "large joint." When Officer Mornay indicated that he was not interested, Parker informed him that his brother-in-law had rock (crack cocaine) for sale.
Parker got into the van, directing Officer Mornay to drive to the corner of Forstall and Burgundy Streets. Officer Mornay stayed in the van while Parker approached a group standing on the corner. After a discussion with the group, Parker returned to the van and informed Officer Mornay that the group wanted him to go to them and get the cocaine. Accordingly, Officer Mornay parked the van and then accompanied Parker to the corner where he met a juvenile, the only remaining member of the group. Parker instructed Officer Mornay to give the juvenile $20. When he complied, the juvenile gave Parker two rocks. He gave one to Officer Mornay and kept the other rock for himself.
Parker and Officer Mornay then began walking back to the van, arguing about Parker's retention of one of the rocks. Officer Poole, who was waiting in the rear of the van, heard the argument and radioed for reinforcements. When the reinforcements arrived, they arrested both Parker and Officer Mornay (to preserve his cover). The arresting officers retrieved a rock of cocaine from Parker's mouth.
At trial, Parker denied selling the cocaine to Officer Mornay. He testified that Officer Mornay stopped him as he was walking down the street to ask him if he had drugs to sell. Parker said he saw Officer Mornay stop two other men before stopping him. He testified that he told Officer Mornay about two other men in the area who might be selling marijuana, but Officer Mornay said that was not what he wanted. Consequently, he offered to show him where he could buy some cocaine and Officer Mornay agreed.
Parker testified that he got in Officer Mornay's van and they drove until they came upon a group which might have cocaine. He said he agreed to accompany Officer Mornay to the corner. At the corner, Officer Mornay gave the seller some money and, in return, gave him two rocks. While they were returning to the van, Officer Mornay gave him a small piece of cocaine as a "finder's fee." A police car drove up, so Parker said he put the piece of cocaine in his mouth. He testified the police were unable to recover the cocaine from his mouth because he chewed and swallowed it.
As the clerical error in the September 18, 1989 minute entry has been corrected to accurately reflect Parker's sentence, a review of the record for errors patent reveals none.
In his sole assignment of error, Parker claims the evidence was insufficient to convict him for distribution of cocaine. He asserts that, at most, the evidence only supports a finding of simple possession of cocaine.
To support his conviction for distribution of cocaine, Parker argues that the state must prove he possessed the drug either physically or constructively. He cites LSA-R.S. 40:961(13) which defines "distribute" as "to deliver a controlled dangerous substance whether by physical delivery, administering, subterfuge, furnishing a prescription, or by filling, packaging, labeling *767 or compounding the substance pursuant to the lawful order of a practitioner." LSA-R.S. 40:961(9) defines a "delivery" as "the transfer of a controlled dangerous substance whether or not there exists an agency relationship." Based upon these definitions, he argues that because there must be a transfer of control over a controlled dangerous substance, a person convicted for distribution must have had either actual or constructive possession of the drug at the time of the sale. We disagree.
Under LSA-R.S. 14:24, all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. State v. Cook, 460 So.2d 1075 (La.App. 2d Cir.1984), writ den., 466 So.2d 465, 466 (La.1985) [the instructions given by defendant to the undercover officer, i.e., to drive one block to a street corner where a black male would be waiting, to hand the man the money and to receive from him the marijuana, constitutes aiding and abetting in the commission of the offense of distribution of marijuana]; State v. Rexrode, 536 So.2d 671 (La.App. 3d Cir.1988) [defendant aided the illegal transfer of marijuana by indirectly procuring the party who actually consummated the sale]. Thus, a defendant may be guilty as a principal in the crime of distribution if he aids and abets in the distribution or indirectly counsels or procures another to distribute the controlled dangerous substance. State v. Parker, 536 So.2d 459, 463 (La.App. 1st Cir.1988), writ den., 584 So.2d 670 (La.1991); State v. Hutchins, 502 So.2d 606 (La.App. 3d Cir.1987).
When evaluating the sufficiency of the evidence supporting a conviction, an appellate court determines whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State v. Jacobs, 504 So.2d 817 (La.1987), citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Heck, 560 So.2d 611 (La.App. 4th Cir.1990), writ den., 566 So.2d 395 (La.1990). Upon reviewing the evidence introduced at trial, we find any rational trier of fact could have found Parker aided and abetted in the commission of the crime of distribution of cocaine. The evidence was sufficient to prove his guilt beyond a reasonable doubt. Therefore, this assignment is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] A clerical error was entered into the minutes, incorrectly reflecting that Parker was sentenced to serve five years. However, on September 19, 1991, in response to the state's motion to correct minute entry, the trial court corrected the minute entry of September 18, 1989, to reflect that Parker was sentenced to serve ten years at hard labor (no. 334-444). In a companion case, no. 334-464, Parker was sentenced to serve five years at hard labor for possession of cocaine, to run concurrently with the sentence imposed in this case.