627 So.2d 210 (1993)
STATE of Louisiana
v.
Percy T. PARKER.
No. 93-KA-0101.
Court of Appeal of Louisiana, Fourth Circuit.
November 18, 1993.
*211 Peter A. Barbee, Pointe-a-La-Hache, for defendant/appellant.
Richard P. Ieyoub, Atty. Gen. and Darryl W. Bubrig, Sr., Dist. Atty., Point-a-La-Hache, and Gilbert V. Andry, III, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Before KLEES, ARMSTRONG and JONES, JJ.
JONES, Judge.

STATEMENT OF THE CASE
The appellant, Percy Parker, was charged by bill of information filed on January 16, 1992, with distribution of cocaine, a violation of R.S. 40:967(A)(1). Appellant entered a plea of not guilty on January 27, 1992. On March 24, 1992, following a two day trial, a twelve member jury found the appellant guilty as charged. Appellant was sentenced to serve five years at hard labor of which four and one half years were suspended. The appellant was placed on three years active probation. Appellant timely perfected an appeal from the judgment.

STATEMENT OF THE FACTS
As part of an ongoing undercover drug operation, Agent Calvin Collins was instructed by Deputy Robert Cosse to attempt to purchase narcotics on Flamingo Lane, a known trafficking area located in Port Sulphur. At approximately 6:00 p.m., on October 11, 1991, Agent Collins and an unidentified confidential informant drove to that location and stopped at the end of the street near a basketball court. Mr. Albert Jones approached the vehicle and asked Agent Collins how many rocks he wanted. Agent Collins answered that he wished to purchase two rocks and Mr. Jones advised him that two rocks would cost $50.
At that point, Percy Parker called Agent Collins and the confidential informant over to the basketball court where he was standing. After a short conversation, Albert Jones, who apparently had also walked to the basketball court, asked Agent Collins if Agent Collins had "scored with Percy." When Agent Collins told him that he had not "scored" with the appellant, the appellant then asked Mr. Jones to show him the rocks. Albert Jones handed the rocks to the appellant. Agent *212 Collins testified that the appellant looked at the rocks, "Look (sic) at me and told me the rocks was (sic) okay, handed them back to Albert Jones, and I purchased two rocks from Albert Jones." Agent Collins testified that "Albert Jones advised me that the rocks was (sic) from Percy Parker." These rocks later tested positive for cocaine. After this purchase, Agent Collins identified from a photograph lineup, a photograph of the appellant as the person who took the rocks of cocaine from Albert Jones, then returned them to Albert Jones.

DISCUSSION
A. Errors Patent
A review of the record for errors patent reveals none.
B. Assignment of Error
By this assignment, the appellant contends that the evidence introduced at trial is insufficient to support the conviction. The standard for an appellate review of the sufficiency of evidence to support a defendant's conviction was set forth in State v. Heck, 560 So.2d 611, 614-615 (La.App. 4th Cir.1990), writ den., 566 So.2d 395 (1990):
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987). Where the conviction is based upon circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Langford, 483 So.2d 979 (La.1986). R.S. 15:438 does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula; it is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985).
The evidence presented at trial to convict the appellant of distribution of cocaine in violation of LSA-R.S. 40:967, even if viewed under the Jackson v. Virginia standard, is insufficient to prove that he distributed the cocaine. "Distribute" is defined in LSA-R.S. 40:961(13) as "to deliver a controlled dangerous substance ... `Distributor' means a person who delivers a controlled dangerous substance...." "Deliver" is defined in LSA-R.S. 40:961(9) as "... the transfer of a controlled dangerous substance whether or not there exists an agency relationship." In addition, jurisprudence has defined "deliver" as transferring possession or control. State v. Martin, 310 So.2d 544, 546 (La.1975); State v. Simon, 607 So.2d 793 (La.App. 1st Cir.1992), writ den., 612 So.2d 77 (La.1993).
The evidence presented at trial revealed that Albert Jones agreed to sell two rocks of cocaine to undercover Agent Collins for $50. The appellant was not directly involved in the delivery of the contraband to Agent Collins. A defendant may be guilty as a principal in the crime of distribution if he aids and abets in the distribution or indirectly counsels or procures another to distribute the controlled dangerous substance. State v. Parker, 595 So.2d 765 (La.App. 4th Cir.1992).
La.R.S. 14:24 defines principals as: "[A]ll persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime...." See State v. Brooks, 505 So.2d 714 (La.1987), cert. den. Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987); State v. Watson, 529 So.2d 94 (La.App. 4th Cir.1988), writ den. 535 So.2d 740 (La.1989). To support a defendant's conviction as a principal, the State must show that the defendant had the requisite mental state for the crime. Brooks; State v. Spotville, 583 So.2d 602 (La.App. 4th Cir.1991), writ den., 585 So.2d 577 (La.1991). Distribution of cocaine requires only general intent, and such intent is established by mere proof of voluntary distribution. State v. Chatman, 599 So.2d 335 (La.App. 1st Cir.1992).
*213 Here, the evidence did not establish that the appellant was a principal to the sale. Rather, appellant's entire participation in the sale was to ask Albert Jones to examine the cocaine and to say to undercover agent Collins "It looks okay". Although the appellant physically held the cocaine, no evidence was presented to show that he was involved in the distribution of the cocaine.
In the majority of the reported cases involving principals to a distribution of contraband offense, the principal has played much more active role in the planning and orchestrating of the sale. See State v. Goins, 568 So.2d 231 (La.App. 3rd Cir.1990), writ den., 573 So.2d 1117 (La.1991) wherein a state witness offered direct evidence that the defendant totally orchestrated the narcotics purchase by initiating the drug transaction, and deciding the time and place where they would later meet to complete the drug transaction. In that case, the defendant drove the state witness to two locations for the specific purpose of "finding cocaine to sell him." Goins, 568 So.2d at 236.
Likewise, in Parker, the defendant flagged down an undercover officer and informed the officer that his brother-in-law had crack cocaine for sale. That defendant entered the officer's vehicle and directed the officer to a street corner and arranged for the purchase by the undercover officer of two rocks of cocaine for $20. This court found that any rational trier of fact could have found the defendant aided and abetted in the commission of the crime of distribution of cocaine.
In State v. Fontenot, 524 So.2d 867 (La. App. 3rd Cir.1988), the defendant arranged for a sale of marijuana between an associate and an undercover officer. The defendant in that case accompanied both men outside a bar and was present when the transaction occurred. After the exchange, the defendant commented about the high quality of marijuana that the officer had purchased. The Third Circuit concluded that this evidence was sufficient to convict the defendant as a principal to the crime of distribution of marijuana. Similarly, the Second Circuit held in State v. Cook, 460 So.2d 1075 (La.App. 2nd Cir.1984), writ den., 466 So.2d 465 (La.1985) that instructions given by the defendant to the officer to drive one block to a street where a male would be waiting to hand the man the money and to receive from him the marijuana, constituted aiding and abetting in the commission of the offense of distribution of marijuana. See also State v. Rexrode, 536 So.2d 671 (La.App. 3rd Cir.1988), where the defendant's action in indirectly procuring the person who actually consummated the sale was held to be sufficient to show that he aided the illegal distribution of cocaine.
In the present case, however, the appellant's participation in the distribution of cocaine was much more limited than the participation of the defendants in the aforementioned cases. Here, Agent Collins negotiated with Albert Jones for the purchase of two rocks of cocaine for $50. Unlike the aforementioned cases, the appellant in the present case was not involved in locating the seller or the buyer, or in introducing them, or in assisting them in the transaction, or negotiating the price or quantity. The appellant's role was limited to examining the cocaine after Albert Jones and Agent Collins had agreed to the exchange. This evidence alone does not prove beyond a reasonable doubt that the defendant aided or abetted or counselled Albert Jones to distribute the cocaine to Agent Collins.
Nor could a reasonable juror have concluded that Albert Jones and the appellant were working in concert to distribute cocaine. Agent Collins testified that often drug dealers utilize runners who possess the contraband while the dealers never come into contact with the contraband. Arguably, one might conclude that the appellant's approval of the cocaine was a signal to Albert Jones to go forward with the transaction. However, examining this evidence, in the light most favorable to the prosecution, the state clearly did not prove beyond a reasonable doubt that the appellant aided or abetted or counselled Albert Jones to distribute the cocaine.
Accordingly, the appellant's conviction and sentence is reversed.
REVERSED.