649 So.2d 489 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jim A. HOWARD, Jr., Defendant-Appellant.
No. Cr93-74.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
Writ Denied March 17, 1995.
*490 J. Reed Walters, Dist. Atty., for State.
Dan Brooks Cornett, Jena, for Jim A. Howard Jr.
Before GUIDRY, C.J., and KNOLL and WOODARD, JJ.
WOODARD, Judge.
This is an appeal from a conviction of aggravated battery.

FACTS
At approximately 4:30 a.m. on March 22, 1992, defendant, Jim A. Howard, Jr., was searching for his girlfriend, Chana Simmons. Ms. Simmons was travelling with some friends in a Blazer driven by Adrian Richardson. Defendant spotted the Blazer and began to flash his lights and honk his horn in an attempt to flag it down.
Mr. Richardson did not stop, and defendant turned around and began to chase the Blazer. Defendant drove behind the vehicle while honking his horn and flashing his lights, and when the occupants of the Blazer did not respond, he pulled his vehicle beside the Blazer and directed Mr. Richardson to *491 stop. Fearing further escalation of the situation, Mr. Richardson complied.
Defendant parked his car behind the Blazer, so as to block their escape, and exited the vehicle, carrying a gun. He pointed the gun in Mr. Richardson's face, scuffled with him briefly, and advised him not to interfere. Defendant then entered the Blazer and, while pointing his gun at the other occupants of the vehicle, warned them not to interfere. He seized Ms. Simmons by the shirt and attempted to pull her from the vehicle. The gun discharged when she resisted, firing a bullet into the right portion of her neck and shoulder.
As a result of this incident, defendant was convicted of aggravated battery and sentenced to 60 months at hard labor. He now appeals his conviction and sentence, specifying 10 assignments of error.
Initially on appeal, this court held that there was insufficient evidence to convict defendant of aggravated battery. On rehearing, we held that there was sufficient evidence to support a conviction only of the lesser included responsive verdict of simple battery. The Louisiana Supreme Court reversed, finding that there was sufficient evidence to convict the defendant of aggravated battery. 638 So.2d 216. The Court reinstated defendant's conviction and sentence for the crime of aggravated battery, and remanded the case for consideration of his remaining assignments of error.

LAW

ERROR PATENT
La.C.Cr.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The trial court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. See La.C.Cr.P. art. 921. The three year prescriptive period does not begin to run until judgment is final, however, La.C.Cr.P. art. 922, and we therefore direct the district court to inform defendant of the provisions of Article 930.8 by appropriate written notice within 10 days of the rendition of this opinion, and to file in the record of the proceeding written proof that he received this notice. See State v. Fontenot, 616 So.2d 1353, 1359 (La.App. 3 Cir.1993).

FIRST ASSIGNMENT OF ERROR: PRECLUSION OF QUESTIONING AS TO INTENT
Defendant alleges that the trial court erred in refusing to allow Ms. Simmons and another witness to be questioned regarding whether they thought that defendant intended to shoot Ms. Simmons. Aggravated battery is a general intent crime, however, see La.R.S. art. 14:34; State of Louisiana v. Howard, 638 So.2d 216 (La.1994), and general intent may be proved by evidence that the defendant must have adverted to the proscribed consequences as reasonably certain to result from his actions, La.R.S. art. 14:10. Therefore, whether the defendant intended to shoot Ms. Simmons is irrelevant, given his behavior in chasing down the Blazer, fighting with its occupants at gunpoint and pointing the gun at them, and forcefully grabbing and trying to pull Ms. Simmons from the vehicle with the gun in his hand. In the ordinary course of human experience, defendant could not have been ignorant of the likelihood that such behavior could result in great bodily harm or death. Moreover, the defendant was able to place before the jury his and Ms. Simmons's testimony that the shooting was an accident. Thus, this assignment of error lacks merit.

SECOND ASSIGNMENT OF ERROR: INTRODUCTION OF POWDER BURN TESTIMONY
Defendant alleges that the court improperly permitted Deputy Sam Young to testify on the basis of powder burns on Ms. Simmons's body regarding the distance from Ms. Simmons that defendant's gun was fired. Expert opinion testimony based upon personal observation and experience is admissible. See State v. Converse, 529 So.2d 459, 463-64 (La.App. 1 Cir.1988). Deputy Young had twelve years of experience as a deputy, during which time he had investigated numerous gunshot wounds and attended classes and seminars regarding gunshot wounds and the reaction of skin to gun powder. This is ample training and experience to permit *492 Deputy Young to testify that the dark spot around the entrance wound resulted from powder burns from a close range discharge of a firearm. Moreover, defendant himself testified that the gun had discharged in very close proximity to Ms. Simmons, so any error would have been harmless. This assignment of error therefore lacks merit.

THIRD ASSIGNMENT OF ERROR: REFERENCE TO PAST CONVICTION IN CLOSING ARGUMENT
Defendant alleges that he was prejudiced by the prosecution's remark during its closing argument that he is a thief. However, defendant had previously acknowledged on the witness stand that he had been convicted of theft. The prosecution may refer during its closing argument to a defendant's admission of a conviction. State v. White, 301 So.2d 321, 323 (La.1974). Additionally, we believe that it defies common sense to argue that the jury, presumptively composed of rational men and women, was so inflamed by this comment as to disregard their duty to render a just verdict. See State v. Weidert, 568 So.2d 1162, 1166-67 (La.App. 5 Cir.1990), writ denied, 573 So.2d 1118 (La.1991). This assignment of error lacks merit.

FOURTH ASSIGNMENT OF ERROR: INTRODUCTION OF PHOTOGRAPHS OF VICTIM'S WOUNDS
Defendant alleges that the trial court erred in admitting into evidence photographs depicting Ms. Simmons's wounds. Defendant argues that the photographs did not contribute to the evidence and served only to inflame the jury. We note that the photographs are useful in determining the location of the entrance and exit wounds, as well as the trajectory of the bullet. Although evidence regarding these matters is somewhat cumulative, given the hospital records and the testimony of all parties concerned that a bullet fired from defendant's gun at close range struck Ms. Simmons in the neck, we find that the probative value of the photographs is not substantially outweighed by their prejudicial effect. See La.Code Evid. art. 403. The wounds are not horrible, and the photographs are few in number and clinical in overall appearance. This assignment of error lacks merit.

FIFTH ASSIGNMENT OF ERROR: CHALLENGE FOR CAUSE OF SOLE POTENTIAL BLACK JUROR
Defendant alleges that the trial court erred in excusing for cause the sole potential black juror. Defense counsel did not specifically object to the challenge on race-related grounds pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and there is no evidence that the state's motive in challenging the juror was race-related. Defendant is precluded from asserting this assignment of error. See La.C.Cr.P. art. 841.
Additionally, the trial court is vested with broad discretion in ruling on challenges for cause to prospective jurors, and its ruling will not be disturbed on appeal absent an abuse of discretion. State v. Love, 594 So.2d 1076, 1078 (La.App. 3 Cir.1992). It is apparent from the record that the juror never fully grasped the questions posed to her during voir dire, and a lack of sufficient understanding has long been held to be legal cause for the discharge of a juror. State v. Casey, 44 La.Ann. 969, 11 So. 583 (1892). The trial court did not abuse its discretion in sustaining the state's challenge for cause.
Finally, a defendant may not complain of an erroneous allowance to the state of a challenge for cause unless the effect of this ruling is to give the state more peremptory challenges than it is entitled to by law. State v. Mattheson, 407 So.2d 1150, 1158 (La.1981), cert. denied, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983), reh'g denied, 463 U.S. 1249, 104 S.Ct. 37, 77 L.Ed.2d 1456 (1983). There is no evidence that the state exercised all of its peremptory challenges, so defendant could not have had any grounds upon which to complain of the challenge.

SIXTH ASSIGNMENT OF ERROR: PREJUDICIAL COMMENT BY THE TRIAL COURT
Defendant alleges that the trial court erred by referring to the incident in question during voir dire as "the crime" rather than "the alleged crime." However, defense counsel did not object at that time, and an objecting party cannot avail himself of an *493 error at trial unless he makes known his objection and the grounds for it at the time the error is made. La.C.Cr.P. art. 841; State v. Gordy, 380 So.2d 1347, 1351-52 (La. 1980). Thus, we may not consider this assignment of error.

SEVENTH ASSIGNMENT OF ERROR: PREJUDICIAL COMMENT BY THE TRIAL COURT
Defendant alleges that the trial court commented on the evidence in violation of La.C.Cr.P. art. 772 when he remarked, "Do me a favor and be very careful with the gun" at the time the pistol was introduced into evidence. However, defense counsel failed to object to the alleged comment, and therefore waived his right to argue this assignment on appeal. See La.C.Cr.P. art. 841; State v. Ellwest Stereo Theatres, Inc., 412 So.2d 594, 597 (La.1982).
Even if we were to accept defendant's invitation to consider this assignment, despite his failure to raise it in the trial court, we believe that the trial judge's remark in no way implied an opinion as to defendant's guilt or innocence.

EIGHTH ASSIGNMENT OF ERROR: EXCESSIVE SENTENCE
Defendant next contends that the sentence imposed by the trial court is excessive. Defendant failed to file a motion to reconsider his sentence, however, and he is therefore precluded from raising as error his allegedly excessive sentence. La.C.Cr.P. art. 881.1; State v. Belsha, 608 So.2d 291, 293-94 (La.App. 3 Cir.1992). Defense counsel gave notice at sentencing of his intent to appeal the sentence and conviction, but he neither requested the trial court to reconsider the sentence nor stated the errors that he wished to assert on appeal with regard to the sentence. We are, therefore, precluded from addressing this assignment of error.

TENTH ASSIGNMENT OF ERROR: PREJUDICIAL CONDUCT OF THE BAILIFF
Defendant alleges that when the jury asked where the safety was located on defendant's weapon, the bailiff improperly showed the jury its location and demonstrated its use and operation, and that the jury discussed the evidence prior to retiring to render a verdict. When defense counsel notified the court that the bailiff was handling the evidence in front of the jury, the court instructed the bailiff to cease this conduct and admonished the jury not to discuss the evidence. Defense counsel did not object, however, and under La.C.Cr.P. art. 841, an irregularity or error cannot be raised after a verdict is rendered unless an objection was made at the time of the occurrence. Furthermore, a mistrial under La.C.Cr.P. art. 771 is the appropriate remedy for prejudicial behavior of the sort alleged here, but defense counsel did not request a mistrial at the time of the alleged misbehavior. As noted by the trial court, defendant may not await the outcome of a case to determine whether the prejudice was in his favor before deciding whether to object. Therefore, we may not consider this assignment of error.

CONCLUSION
For the foregoing reasons, we affirm defendant's conviction and sentence, with instructions that the trial court notify him of the three year time limitation set forth in La.C.Cr.P. art. 930.8.
AFFIRMED WITH INSTRUCTIONS.