JiCOOKS, Judge.
Defendant, Milton Vigers, was charged by bill of indictment with distribution of a controlled dangerous substance, Schedule II— cocaine, in violation of La.R.S. 40:967(A). Defendant allegedly sold cocaine to an undercover narcotics agent in a videotaped transaction. Defendant pled not guilty to the charge. A jury found defendant guilty of distribution of cocaine, and he was sentenced to thirteen years at hard labor. This appeal followed.
By his lone assignment of error, defendant argues the evidence, when viewed in the light most favorable to the State, does not reasonably permit a finding of guilt for distribution of cocaine as rendered by the jury. Defendant also contends the evidence is insufficient to prove beyond a reasonable doubt he is guilty of distribution of cocaine.
|2When the issue of sufficiency of the evidence is raised on appeal, the critical in *404 quiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982). It is the role of the fact finder to weigh the respective credibility of the witnesses. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State ex rel. Graffagnino, 436 So.2d 559, citing State v. Richardson, 425 So.2d 1228 (La.1983).
To obtain a conviction, the State must prove the elements of the crime beyond a reasonable doubt. La.R.S. 40:967(A) provides as follows:
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
(2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule II.
Defendant contends the State failed to prove the following: 1) that defendant was a member of the group which sold the drugs; 2) that defendant distributed or was a distributor of the drugs; and 3) that defendant was a principal in the commission of the crime of distribution of cocaine.
Detective Nestor Guillory testified he and another detective outfitted an undercover vehicle with a camera and recording equipment. He then began riding in |3general areas of the city in an attempt to buy illegal narcotics from people on the street. During direct examination Detective Guillory provided detailed testimony of the events surrounding the drug transaction while the videotape was played for the jury. The videotape was offered, filed, and introduced into the record without objection from the defendant. Detective Guillory testified defendant was one of four individuals who approached his vehicle. Detective Guillory further stated as he raised his left hand to receive the drugs he had a twenty dollar bill in his right hand, which was taken from him by the defendant. Detective Guillory made an in-court identification of defendant as the person who took the twenty dollar bill from his hand during the drug transaction. However, on cross-examination Detective Guillory testified he did not see defendant with any drugs nor did defendant give him any drugs. In re-direct examination, Detective Guillory testified it was not unusual for more than one person to participate in the sale of drugs, nor was it unusual for one person to hand the drugs and another person to take the money as in this case.
The videotape revealed defendant was the first person to approach Detective Guillory’s vehicle. Defendant asked, “You wanna spend a little paycheck?” Detective Guillory responded affirmatively. Defendant then moved over and used hand signals, after which another person approached the vehicle and distributed the drugs. At the same time the drugs were being transferred to Detective Guillory, defendant snatched the twenty dollar bill. As Detective Guillory left the area, the videotape shows defendant standing and conversing with the other males who approached Detective Guillory’s car.
After reviewing the entire record, including the videotape, we find the evidence was sufficient to prove defendant distributed cocaine. “A defendant may be guilty as a principal in the crime of distribution if he aids and abets in the ^distribution or indirectly counsels or procures another to distribute the controlled dangerous substance.” State v. Parker, 627 So.2d 210, 212 (La.App. 4 Cir.1993), writ denied, 93-2956 (La. 3/11/94); 634 So.2d 403; See La.R.S. 14:24. To sustain a defendant’s conviction as a principal, the State must show he possessed the requisite mental state. State v. Doucet, 93- *405 1523 (La.App. 3 Cir. 5/4/94); 638 So.2d 246. Distribution of cocaine requires only general intent, which can be established by mere proof of voluntary distribution. State v. Parker, 627 So.2d at 213.
In State v. Parker, 627 So.2d 210, the appellate court noted:
In the majority of the reported cases involving principals to a distribution of contraband offense, the principal has played much [sic] more active role in the planning and orchestrating of the sale. See State v. Goins, 568 So.2d 231 (La.App. 3rd Cir.1990), writ den., 573 So.2d 1117 (La.1991) wherein a state witness offered direct evidence that the defendant totally orchestrated the narcotics purchase by initiating the drug transaction, and deciding the time and place where they would later meet to complete the drug transaction. In that case, the defendant drove the state witness to two locations for the specific purpose of “finding cocaine to sell him.” Goins, 568 So.2d at 236.
Likewise, in State v. Parker [595 So.2d 765 (La.App. 4 Cir.1992)], the defendant flagged down an undercover officer and informed the officer that his brother-in-law had crack cocaine for sale. That defendant entered the officer’s vehicle and directed the officer to a street comer and arranged for the purchase by the undercover officer of two rocks of cocaine for $20. This court found that any rational trier of fact could have found the defendant aided and abetted in the commission of the crime of distribution of cocaine.
In State v. Fontenot, 524 So.2d 867 (La.App. 3rd Cir.1988), the defendant arranged for a sale of marijuana between an associate and an undercover officer. The defendant in that case accompanied both men outside a bar and was present when the transaction occurred. After the exchange, the defendant commented about the high quality of marijuana that the officer had purchased. The Third Circuit concluded that this evidence was sufficient to convict the defendant as a principal to the crime of Isdistribution of marijuana. Similarly, the Second Circuit held in State v. Cook, 460 So.2d 1075 (La.App. 2nd Cir.1984), writs den., 466 So.2d 465 (La.1985) that instructions given by the defendant to the officer to drive one block to a street where a male would be waiting to hand the man the money and to receive from him the marijuana, constituted aiding and abetting in the commission of the offense of distribution of marijuana. See also State v. Rexrode, 536 So.2d 671 (La.App. 3rd Cir.1988), where the defendant’s action in indirectly procuring the person who actually consummated the sale was held to be sufficient to show that he aided the illegal distribution of cocaine.
In the present case, however, the appellant’s participation in the distribution of cocaine was much more limited than the participation of the defendants in the aforementioned cases. Here, Agent Collins negotiated with Albert Jones for the purchase of two rocks of cocaine for $50. Unlike the aforementioned cases, the appellant in the present case was not involved in locating the seller or the buyer, or in introducing them, or in assisting them in the transaction, or negotiating the price or quantity. The appellant’s role was limited to examining the cocaine after Albert Jones and Agent Collins had agreed to the exchange. This evidence alone does not prove beyond a reasonable doubt that the defendant aided or abetted or coun-selled Albert Jones to distribute the cocaine to Agent Collins.
While this defendant’s involvement in the distribution of drugs may have been more limited than in Goins and Parker, 595 So.2d 765, his participation was not as limited as in Cook, Rexrode, and Parker, 627 So.2d 210. Defendant was the first person of the group to approach Detective Guillory’s vehicle. Defendant asked Detective Guillory if he wanted to spend “a little paycheck.” Defendant then waved in another man to make the transaction. At the same time the cocaine was distributed, defendant grabbed a twenty dollar bill from Detective Guillory. As Detective Guillory drove off, the videotape shows defendant conversing with the other members who approached the car, including the man who actually transferred the drugs to detective Guillory. Therefore, we find *406 there was sufficient evidence to prove |fithe defendant was an active participant in the distribution of cocaine.
ERRORS PATENT
The record does not reflect that defendant was given credit for time served. La.Code Crim.P. art. 880 provides when imposing sentence the court shall give defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record shows the trial court did not do so. This case is remanded and the district court is ordered to amend the commitment and minute entry of the sentence accordingly. State v. Jones, 607 So.2d 828 (La.App. 1 Cir.1992), writ denied, 612 So.2d 79 (La.1993); La.Code Crim.P. art. 882(A).
DECREE
For the foregoing reasons, the defendant’s conviction is affirmed. The case is remanded to the sentencing court with instructions to grant defendant credit for time served and amend the commitment and minute entries to reflect the credit so granted.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.