1,BYRNES, Chief Judge.
The State of Louisiana appeals a judgment of the trial court for failure to institute prosecution within two years of the commission of a misdemeanor as required by LSA-C.Cr.P. art. 572. It is undisputed that the prosecution was not commenced within two years. The judge acknowledged at the hearing on the Motion to Quash that the defendant was charged “with simple criminal damage under R.S. 14:56 where the damage is $500.00 or greater, but less than $50,000.00.” However, the trial judge went on to erroneously state that that offense is “punishable by a fine of $500.00 or imprisonment not more than six months or both.” That is the sentencing range under LSA-R.S. 14:56B where the damage is less than $500.00. In the instant case the damage charged was $500.00 or more, but less than $50,000.00. The sentencing range for such a charge under LSA-R.S. 14:56B is a fíne of “not more than one thousand dollars, or imprisoned, with[1] or without hard labor, for not more than two years.”
LLSA-C.Cr.P. art. 933(3) defines “Felony” as “an offense that may be punished by death or by imprisonment at hard labor.”[2] LSA-Ch.C. art. 116(5) employs the same definition of felony. A “Misdemeanor” is defined by LSA-C.Cr.P. art. 933(4) as “any offense other than a felony ... ”. The offense with which the defendant was charged in the instant case is potentially punishable by imprisonment at hard labor it is a felony and not a misdemeanor. LSA-C.Cr.P. art. 572(2) provides that the prosecution for a felony not necessarily punishable by imprisonment at hard labor, must be commenced within four years. In the instant case the prosecution was instituted on January 28, 1999, over two years after the alleged commission of the offense on September 10, 1996, but well within the four-year period allowed by LSA-C.Cr.P. art. 572(2). Therefore, the prosecution in the instant case was instituted on a timely basis.
For the foregoing reasons, the judgment below is vacated, and the case is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.

. Emphasis added.

. Emphasis added.