809 So.2d 452 (2001)
STATE of Louisiana
v.
Bobby Q. MAGEE, Jr.
No. 2000 KA 2816.
Court of Appeal of Louisiana, First Circuit.
October 10, 2001.
*454 Walter P. Reed, District Attorney, Covington, Dorothy Pendergast, Metairie, Counsel for State of Louisiana Appellee.
Gwendolyn Brown, Baton Rouge, Counsel for Defendant/Appellant Bobby Q. Magee, Jr.
Before: FOGG, GUIDRY, and SHORTESS, JJ.[1]
GUIDRY, J.
Defendant, Bobby Q. Magee, Jr., was charged by bill of information with two counts of distribution of cocaine in a drug free zone in violation of La. R.S. 40:981.3. He pled not guilty, was tried by jury and convicted as charged.
Defendant was sentenced on both counts to twenty years each at hard labor, with fifteen years to be served without benefit of probation, parole, or suspension of sentence. The sentences are to be served concurrently to each other. Defendant has appealed, urging six assignments of error.

Background Facts
In the summer of 1997, the St. Tammany Parish Sheriff's Office began conducting an undercover drug operation in north Covington. Detective Alicia Bourgeois, a new recruit from the Slidell Police Department, was "borrowed" by the St. Tammany Sheriff's Office to work in this operation. The operation was referred to as "Hot Rocks" and was a long-term operation *455 using undercover agents to go into targeted areas and make drug buys over a period of time. Bourgeois' assignment required her to ride around and make drug buys from dealers in the targeted area. The charges against defendant, Magee, are based on two separate purchases made by Detective Bourgeois. Count one concerns a purchase made on July 2, 1997; count two concerns a purchase made on August 7, 1997.

Sufficiency of the Evidence
Defendant asserts as error the sufficiency of the evidence on both counts, urging that no rational trier of fact could have found that the state bore its burden of proving the essential elements of the crime of distribution of cocaine in a drug-free zone. As to count one, defendant asserts that the state failed to prove that the park buildings near where he allegedly sold cocaine met the legal definition of "drug-free zones" as provided by La. R.S. 40:981.3. As to count two, defendant maintains the state failed to prove that he distributed cocaine because the sale occurred between Det. Bourgeois and an individual identified as "James P." and not the defendant.

Applicable Law
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime. See La.C.Cr.P. art. 821; State v. Johnson, 461 So.2d 1273, 1277 (La.App. 1st Cir.1984). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the fact-finder must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988). However, when a case involves circumstantial evidence and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. State v. Moten, 510 So.2d 55, 61 (La.App. 1st Cir.), writ denied, 514 So.2d 126 (La.1987).
Under La. R.S. 40:967 A(1), the state must prove that defendant produced, manufactured, distributed, or dispensed or possessed with intent to produce, manufacture, distribute, or dispense, cocaine. Only general intent is required, and such intent is established by mere proof of voluntary distribution. See State v. Williams, 352 So.2d 1295, 1296 (La.1977); State v. Banks, 307 So.2d 594, 596 (La. 1975).

Drug Free Zone (Counts One and Two)
The state alleged that defendant sold cocaine in a drug-free zone; the defendant asserts the state failed to prove that the buildings near where he allegedly sold cocaine met the definition of drug-free zone as provided by statute. The areas where the transactions occurred are located within 1,000 feet of buildings which the state alleged were "school property" pursuant to La. R.S. 40:981.3. That statute provides, in pertinent part:
A. (1) Any person who violates a felony provision of R.S. 40:966 through R.S. 40:970 of the Uniform Controlled Dangerous Substances Law while on any property used for school purposes by any school, within one thousand feet of any such property, or while on a school bus, shall, upon conviction, be *456 punished in accordance with Subsection E.
* * * * * * *
C. For purposes of this Section:
* * * * * * *
(2) "School property" means all property used for school purposes, including but not limited to school playgrounds, as well as any building or area owned by the state or by a political subdivision and used or operated as a playground or recreational facility and all parks and recreational areas administered by the office of state parks.
Subsection E provides the sentence enhancement provisions for violations occurring in drug-free zones. At trial, the state presented the testimony of Simmie Fairly, Jerome Ellzey, and Jeron Fitzmorris to prove this element of the offense. Fairly, a supervisor for St. Tammany Parish School Board System, testified that the Harrison Curriculum Center, which is the facility named in count one, is owned by the St. Tammany Parish School Board and is used to teach special education classes and houses the talented arts program, adult education, and a variety of staff associated with the special education programs. Jerome Ellzey, the recreational director for the City of Covington, testified regarding the Covington Recreation Facility. Ellzey testified that the center was owned by the City of Covington and used for a number of purposes including sports programs for school children, "Project Graduation" for seniors graduating from Covington High School, 4-H club meetings and awards programs. Regarding the 4-H club activities, Ellzey indicated that these activities were school sponsored and that the children were transported to the facility in school buses. Jeron Fitzsimmons, a Louisiana registered land surveyor, testified that he measured the distances from the two points of sale to the Harrison Curriculum Center and the Covington Community Center, respectively, using electronic measuring equipment. His calculations revealed that each of the two buildings is within one thousand feet of the points of sale. Clearly, the state proved that both of the facilities in question met the definition of school property for purposes of the statute.

Count OneSufficiency of the Evidence
The evidence relating to count one, distribution of cocaine in a drug-free zone on July 2, 1997, consists of the testimony of Deputy Randy Camonita, who in 1997, was assigned to the narcotics division of the St. Tammany Sheriffs Office and headed "Operation Hot Rocks", Detective Alicia Bourgeois, the undercover agent who made the drug purchases at issue herein, and the audio/video tapes of the subject transactions. Detective Bourgeois testified that on that date, as she was driving in a targeted area in broad daylight, she saw several people standing in the streets, and she asked if any of them could "help her out." She was approached by the defendant and consummated a purchase of cocaine through him. The audio/video tape clearly shows the defendant leaning into the driver's window of Bourgeois' vehicle and handing her a substance in exchange for money. Defendant can be heard telling Bourgeois that if she needed any more, to come back to him. Both Camonita and Bourgeois made positive identifications of the defendant as the person who sold cocaine to Bourgeois on July 2, 1997. The substance received by Bourgeois from the defendant later tested positively for cocaine. Based on the foregoing, we find no error in the conviction on this count, as the evidence presented was sufficient.

Count TwoSufficiency of the Evidence
With regard to count two, the evidence consists of the testimony of Detective *457 Bourgeois. She testified that on August 7, 1997, she was driving again in the targeted area and saw the defendant. She asked him if he could help her out; he responded by telling her to drive to a nearby store. She told the defendant she did not want to meet him at the store because she had just made another purchase from another person at that location. She asked, instead, if she could just drive around the block a few times, and the defendant told her that would be okay. She testified that after the second drive around the block, she saw the defendant again, at which point he "flagged" her to another man who was down the street. She continued driving, and another man, later identified as "James P." approached her car and handed her a substance in exchange for money. That substance later tested positively for cocaine. The audio/video tape for that date does not show the defendant allegedly "flagging" the detective to another person. The tape does show the person later identified as "James P." approaching Detective Bourgeois' vehicle and handing her a substance in exchange for money.
The term "distribute" within the framework of the Uniform Controlled Dangerous Substances Law is defined in La. R.S. 40:961(14) as follows:
"Distribute" means to deliver a controlled dangerous substance whether by physical delivery, administering, subterfuge, furnishing a prescription, or by filling, packaging, labeling or compounding the substance pursuant to the lawful order of a practitioner.
A "distributor" is defined in La. R.S. 40:961(15) as a person who delivers a controlled dangerous substance. "Deliver" or "delivery" is defined in La. R.S. 40:961(10) as the transfer of a controlled dangerous substance whether or not there exists an agency relationship. Further, the case law has defined "deliver" as transferring possession or control. State v. Martin, 310 So.2d 544, 546 (La.1975).
There is absolutely no evidence as to count two that the defendant was involved in the actual physical distribution of cocaine. The testimony of Detective Bourgeois and the audio/video tape establish that the actual physical transfer of cocaine occurred between the detective and an individual later identified as "James P.". However, a defendant may be guilty as a principal in the crime of distribution of cocaine if he is concerned in the commission of the crime, whether present or absent, and whether he directly commits the crime of distribution or aids and abets in its commission, or directly or indirectly counsels or procures another to commit the crime. La. R.S. 14:24. Only those persons who knowingly participate in the planning and/or execution of a crime are principals. Moreover, mere presence at the scene is not enough to "concern" an individual in a crime. State v. Jetton, 32-893, p. 4 (La.App. 2 Cir. 4/5/00), 756 So.2d 1206, 1212, writ denied, XXXX-XXXX (La.3/16/01), 787 So.2d 299.
Therefore, the issue in this case is whether the defendant's act of "flagging" the detective to another person down the street who actually distributed cocaine rises to the level of "aiding and abetting" in the commission of the crime, such that he can be convicted as a principal. After a careful review of the record before us and the applicable case law, we conclude that it does not.
Our jurisprudence confirms that a defendant who has not actually, physically distributed drugs may nevertheless be convicted for the distribution of that drug as a principal based on some other act(s) that establish that he either aided or abetted in the commission of the crime. Generally, the directing of a buyer to a source of drugs is the underlying act up on which *458 such a prosecution is based. However, the jurisprudence also establishes that the mere "directing" or "recommending" a source is not an indictable offense, standing alone. It is only when the directing or recommending takes on a wider scope or becomes a part of more widespread activities that any real chance of criminality arises. 34 ALR5th 125, 159, Drug CrimesRecommending Source § 2. The criminality of such acts begins to form as one moves along a continuum from a single, casual naming of another as a possible source of illicit drugs, through introducing another to the seller, to accompanying another to a meeting with the seller during which the sale takes place, through handling the narcotics and sharing in the proceeds of the sale. As one moves toward a situation where the defendant's role becomes so closely tied in with the sale and as his activities mesh more closely with those of the seller, it becomes increasingly plausible that he can be indicted as a principal. Id. Thus, the defendant's degree of involvement with the seller and/or the ultimate transaction becomes determinative of his criminality. Relevant factors to be considered include whether the defendant introduced the buyer to the seller, whether the defendant is present when the transaction takes place, whether the defendant handled either the money or drugs involved in the transaction, whether the defendant shared in the proceeds of the sale, and other factors regarding the relationship between the seller and the defendant. Neither the mere presence of the defendant in an area where drugs have been found nor the mere fact that he knows the person in actual possession is sufficient to establish guilt as a principal. State v. Pollard, 93-1960, p. 12 (La.App. 4 Cir.1994), 640 So.2d 882, 888.
Most recently, in Stewart v. Cain, 2000 WL 1511686 (E.D.La.), a defendant's application for writ of habeas corpus alleging insufficiency of the evidence in a conviction for distribution of heroin was denied. In that case, although the defendant did not physically distribute the drugs, he was involved in locating the seller, he went with the seller to obtain the drugs, and he was observed receiving money from the transaction after it was complete. Based on those acts, the court found the evidence was sufficient to convict the defendant of distribution under the doctrine of principal liability.
In State v. McGee, 98-2116 (La.App. 4 Cir. 2/23/00), 757 So.2d 50, writ denied, XXXX-XXXX (La.10/27/00), 772 So.2d 121, the defendant's conviction for attempted distribution of cocaine was affirmed on the basis of principal liability. In that case, the defendant approached the undercover officer's vehicle and told the officer that he knew where he could get her some drugs. He then walked over to two other men standing nearby, and engaged in a short conversation. Shortly thereafter, one of those two men approached the officer's vehicle and sold her a rock of crack cocaine. The court found the evidence sufficient based on the defendant's initial encounter with the officer as well as his observed conversation with the actual seller, who then immediately sold the drugs to the officer. Defendant's participation with the seller in the transaction was sufficient to convict him as a principal.
In State v. Johnson, 32-910 (La.App. 2 Cir. 1/26/00), 750 So.2d 398, writ denied, XXXX-XXXX (La.11/3/00), 773 So.2d 140, the defendant was seen handing a substance to another person who actually made the sale. Moreover, the actual seller walked over to defendant after the sale and handed him the money. Defendant's acts of providing the drugs to the seller as well as his receipt of the proceeds form the sale was sufficient to support his conviction of distribution of cocaine.
*459 In State v. Vigers, 95-920 (La.App. 3 Cir. 1/31/96), 670 So.2d 403, defendant was one of four persons who approached an undercover agent's vehicle, and he asked the driver if he wanted to spend "a little paycheck." When the officer responded affirmatively, defendant used hand signals to another man, who then approached the vehicle with the drugs in hand. The other man handed the agent the drugs, but defendant is the one who received the money. After the agent drove away, defendant was seen conversing with the actual seller of the drug. This evidence was deemed sufficient to support defendant's conviction for distribution of cocaine.
In State v. Dorsey, 593 So.2d 1372 (La. App. 5 Cir.1992), the defendant flagged down an undercover agent and told him he knew where he could get him some cocaine. The defendant then got into the agent's vehicle and directed him to the residence of the actual seller. Defendant then got out and spoke with someone at the residence. Defendant then monitored the transaction as the agent purchased drugs from the actual seller. Defendant's participation in the transaction was sufficient to uphold his conviction for distribution of the drugs.
In State v. Goins, 568 So.2d 231 (La. App. 3 Cir.1990), writ denied, 573 So.2d 1117 (La.1991), the defendant orchestrated the sale of drugs by initiating the transaction, deciding the time and place where the sale would take place, and he drove the agent to the location with the specific purpose of finding cocaine for the agent. His conviction for distribution of the drug was upheld.
However, in State v. Parker, 627 So.2d 210 (La.App. 4 Cir.1993), writ denied, 93-2956 (La.3/11/94), 634 So.2d 403, the defendant's conviction for distribution of cocaine was reversed on the basis of insufficient evidence. In that case, the defendant's participation was much more limited than the defendants in the aforementioned cases. The defendant was not involved in locating the seller or the buyer, or in introducing them, or assisting in the transaction, or negotiating price or quantity. The defendant's role was limited to examining the cocaine after the buyer and seller agreed to the exchange, and informing the buyer that he thought it "looked okay." The court found that evidence alone was insufficient to prove beyond a reasonable doubt that the defendant aided or abetted in the distribution of the cocaine.
Likewise, in the case before us, we find the defendant's alleged involvement in the illicit sale of drugs to be much more limited than in any of the cases where the evidence has been deemed sufficient to convict a defendant as a principal. Here, the defendant did not initiate the transaction; he did not introduce the buyer to the seller; he was not present when the transaction occurred; he was not observed in any association with the seller, either before or after the transaction; nor was there any evidence presented that he, in any way, shared in the proceeds of the sale. Detective Bourgeois's testimony merely proved, at best, that the defendant had some knowledge that a man further down the street would have the drugs for sale. The mere knowledge of where illicit drugs may be purchased, and a "waving" of another person in that direction is simply not enough, without more involvement on the part of the defendant, to prove that he was a principal to the ensuing crime. Therefore, we find the evidence was insufficient to support his conviction on count two of distribution of cocaine.

EXCESSIVE SENTENCE
In his last two assignments of error, defendant claims that the trial court erred in denying his motion to reconsider sentence *460 and that the sentences imposed are excessive. We have already reversed the conviction and sentence as to count two. Because we have found patent error which requires us to vacate the sentence on count one, we will not review the merits of these assignments.
In reviewing the record for patent error, we have discovered that the trial court did not wait the required twenty-four hours after denial of defendant's motion for new trial before imposing sentence, nor did defendant waive that waiting period. See La. C.Cr.P. art. 873. Although defendant does not argue or in any way show that he was actually prejudiced by the trial court's failure to observe the waiting period (See La. C.C.P. art. 921), we are required in this case to vacate the sentence on this ground. In State v. Augustine, 555 So.2d 1331, 1333-34 (La.1990),; the Supreme Court held that a trial court's failure to observe the twenty-four hour delay is not harmless error if the defendant challenges the sentence on appeal. The Court also implied that the error would not be harmless if the issue is raised by the defendant on appeal. However, in the event the issue is not assigned as error or the sentence is not challenged, the error is not reversible unless the defendant can show he was prejudiced. In the instant case, defendant does not raise this error on appeal, but he does challenge his sentence. Thus, according to the Supreme Court, the error is not harmless; and we must vacate the sentence. Because the Supreme Court's ruling in Augustine requires us to vacate the sentence, we find it inappropriate to review the merits of the excessive sentence challenge at this time. Accordingly, we remand for re-sentencing. State v. Claxton, 603 So.2d 247, 250, (La.App. 1st Cir.1992).
Accordingly, defendant's conviction and sentence on count two are hereby reversed. We pretermit all other assignments of error, vacate the sentence on count one, and remand this matter to the trial court for re-sentencing in accordance herewith.
CONVICTION AND SENTENCE ON COUNT TWO REVERSED; CONVICTION ON COUNT ONE AFFIRMED; SENTENCE ON COUNT VACATED AND CASE REMANDED FOR RESENTENCING.
MELVIN A. SHORTESS, J. Pro Tem. (Retired), concurs.
NOTES
[1] Judge Melvin A. Shortess, retired, is serving as Judge Pro Tempore by special appointment of the Louisiana Supreme Court.