951 So.2d 1182 (2007)
STATE of Louisiana
v.
Derrick MAZIQUE.
No. 06-KA-708.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2007.
Prentice L. White, Attorney at Law, Louisiana Appellate Project, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., MARION F. EDWARDS, and FREDERICKA HOMBERG WICKER.
MARION F. EDWARDS, Judge.
The defendant/appellant, Derrick Mazique ("Mazique"), appeals his adjudication as a third felony multiple offender. He was convicted of being a principal to distribution of cocaine, a violation of LSA-R.S. 14:24 and LSA-R.S. 40:967, on August 24, 2004 and sentenced to eight years at hard labor, two years without benefit of parole, probation, or suspension of sentence. This Court affirmed Mazique's conviction and sentence.[1]
Subsequently, the State of Louisiana ("the State") filed a multiple bill of information alleging that Mazique was a third felony offender. Mazique denied the allegations *1184 and filed a Motion to Quash Multiple Bill of Information. The trial court denied both the written Motion to Quash as well as an oral motion to quash made during the hearing. After taking the matter under advisement following the hearing, the trial judge found Mazique to be a third felony offender and sentenced him to thirty years at hard labor, with two years of the sentence to be served without benefits.
The facts of Mazique's present underlying conviction are contained in the original opinion. On appeal, Mazique argues that the district court committed reversible error when it used a prior misdemeanor conviction to enhance his sentence. Mazique contends that his conviction for attempted obscenity is not a felony for purposes of enhancement pursuant to the Habitual Offender Statute, because the trial court did not impose a death sentence or sentence him to hard labor. According to Mazique, this is not an "automatic" felony but, rather, his six-month sentence indicates that it was a misdemeanor conviction, since the trial court could have, but did not, order the sentence to be served at hard labor.
A felony is an offense that may be punished by death or by imprisonment at hard labor. LSA-C.Cr.P. art. 933; LSA-R.S. 14:2. A misdemeanor is any offense other than a felony. Although we do not have the benefit of any previous trial material, it is alleged that Mazique was previously convicted of attempted obscenity, a violation of LSA-R.S. 14:106 and LSA-R.S. 14:27, and sentenced to six months in prison with no indication that the sentence was to be served at hard labor. On a first conviction under LSA-R.S. 14:106, the sentencing exposure is a fine and/or imprisonment, with or without hard labor, for not less than six months or more than three years. Conviction of an attempt will result in a fine and/or imprisonment not to exceed one-half of the longest term of imprisonment prescribed for the offense so attempted. LSA-R.S. 14:27(D)(3). Because Mazique's sentencing exposure for attempted obscenity was imprisonment for one and one-half years with or without hard labor, he was convicted of a felony which could be used to enhance his sentence. An offense that is potentially punishable by imprisonment at hard labor is a felony and not a misdemeanor.[2] This assignment of error is without merit.
Mazique also urges that the court erred when it took judicial notice of transcripts and other documents that the State failed to introduce into evidence, allowing the State to circumvent its burden of proof by using its own employees to establish Mazique's identity for the habitual offender hearing. At that hearing, the State claimed that Mazique had two prior convictions: on December 5, 2001, he pled guilty to possession of cocaine, a violation of LSA-R.S. 40:967(C), and, on May 20, 2003, he was convicted of attempted obscenity, a violation of LSA-R.S. 14:106.
The State presented the testimony of Officers Steve Cupit and Allen Weber, Jr. to establish Mazique's identity as the person who was convicted of the prior felonies. Both officers were employed by the St. John the Baptist Sheriff's Office and assigned to the District Attorney's Office as investigators. At the hearing, the defense *1185 objected to the officers testifying to Mazique's identity as the person who was convicted of the prior felonies because of an alleged conflict of interest based on their assignments with the District Attorney's Office. The trial court ruled that the officers could testify even though there could be "more neutral" witnesses. Officer Cupit testified that he knew Mazique and had dealt with him on three occasions through his work at the District Attorney's Office. Officer Cupit was present when Mazique entered a guilty plea on the drug charge. Officer Weber knew Mazique because he assisted the State during the attempted obscenity trial and was present during the plea negotiations between the State and the defense on the possession of cocaine charge. Both Officers Cupit and Weber testified that they were present throughout the entire trial on Mazique's attempted obscenity charge and identified him in court as the person found guilty of attempted obscenity. The trial court accepted the officers' testimony and further stated that it would take into consideration the previous trial records, intending to review them before making an adjudication. Ultimately, the trial court found that the evidence was sufficient to establish Mazique's two prior felony convictions and that he was the same person who was convicted of the prior felonies.
To prove that a defendant is an habitual offender, the State must establish by competent evidence the prior felony convictions and that defendant is the same person who was convicted of the prior felonies. The State may establish this by various means, such as the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior proceedings, or photographs contained in a duly authenticated record.[3] The Habitual Offender Act does not require the State to use a specific type of evidence in order to carry its burden at the hearing, and the prior convictions may be proved by any competent evidence.[4]
At the hearing, Mazique's attorney urged the court to consider that both Officers Cupit and Weber testified that attorney Ms. Anne Turissini dealt with the plea deal on behalf of Mazique, while the record, according to Mazique, reflected that Mr. Richard Stricks was the attorney of record who took the plea. Further, during the habitual offender hearing, Mazique alleged that he waived his Boykin rights in the drug case before he knew what they were. The trial judge reviewed the plea agreement and waiver of rights in the record before it and found that, while he may have pled guilty before the colloquy, Mazique's plea was not accepted by the court until it was ascertained that he made a knowing, intelligent, and voluntary waiver of his rights.
The court took judicial notice of the records in the prior offenses. However, the State did not introduce those records into evidence at the hearing. While the trial court had the benefit of reviewing the plea agreement with its accompanying waiver of rights, as well as the record of Mazique's conviction, this Court does not have any such advantage. We are, thus, precluded from reviewing all of the evidence upon which the trial court based its determination that Mazique was a third felony offender. In the present case, Mazique contests not only his identification, *1186 but also alleges a violation of his constitutional rights in the prior plea agreement. The failure of the State to introduce those records, under the present circumstances, was error. We are, therefore, obliged to vacate Mazique's adjudication as an habitual offender as well as his enhanced sentence and remand the matter to the trial court. In so doing, we note that Mazique's original sentence has never been vacated and is still valid. In addition, in such cases a defendant can be retried on a multiple offender bill since double jeopardy does not attach to multiple offender hearings.[5]
MULTIPLE OFFENDER STATUS AND SENTENCE VACATED; MATTER REMANDED.
NOTES
[1] State v. Mazique, 05-278 (La.App. 5 Cir. 12/13/05), 919 So.2d 750, writ not considered, 06-0783 (La.10/13/06), 939 So.2d 353.
[2] See, State ex rel. D.C., 00-1396 (La.App. 4 Cir. 2/28/01), 781 So.2d 1267, 1268.
[3] State v. Lyles, 03-141 (La.App. 5 Cir. 9/16/03), 858 So.2d 35.
[4] State v. Payton, 00-2899 (La.3/15/02), 810 So.2d 1127.
[5] See, State v. Schnyder, 06-29 (La.App. 5 Cir. 6/28/06), 937 So.2d 396.