WALTER J. ROTHSCHILD, Judge.
 

 |
 
 STATEMENT OF THE CASE
 

 Defendant, Percy Jones, was convicted by a jury of illegal possession of stolen things (a vehicle) valued at $500 or more, in violation of LSA-R.S. 14:69. The trial court sentenced him to ten years at hard labor. This Court affirmed defendant’s conviction on appeal.
 
 State v. Jones,
 
 08-306, p. 8 (La.App. 5 Cir. 10/28/08), 998 So.2d 173, 178. The Louisiana Supreme Court subsequently denied writs.
 
 State v. Jones,
 
 08-2895 (La.9/4/09), 17 So.3d 947.
 

 Following defendant’s conviction, the State filed a habitual offender bill of information alleging defendant to be a fourth felony offender. Following a hearing, the trial judge found defendant to be a fourth felony offender, and imposed an enhanced sentence of life imprisonment without benefit of probation or suspension of sentence. Defendant appealed the habitual offender finding. On appeal, this Court found it was unclear from the record whether exhibits pertaining [4to one or more of the alleged predicate convictions were entered into evidence in the trial court.
 
 State v. Jones,
 
 08-466, p. 8-9 (La.App. 5 Cir. 10/28/08), 998 So.2d 178, 183-184. This Court vacated the habitual offender finding and sentence and remanded the matter for further proceedings.
 
 Id.
 

 On remand, the trial court re-arraigned defendant on the habitual offender bill of information on April 17, 2009, and defendant denied the allegations in the bill. On May 1, 2009, defendant filed written objections to the habitual offender bill, moving the trial court to quash the bill because he was not advised of his constitutional right of confrontation when he pled guilty to the predicate felony offenses, and because two of the alleged predicate convictions were not in the proper sequential order and thus could not be used to enhance his sentence.
 

 The trial court held habitual offender hearings on May 1, 2009, and June 12, 2009, and found defendant to be a fourth felony offender. On June 12, 2009, the trial court re-sentenced defendant to life imprisonment without benefit of probation or suspension of sentence. Defendant
 
 *1165
 
 filed a motion to reconsider sentence, which was denied by the trial court on August 13, 2009.
 

 LAW AND DISCUSSION
 

 In his sole counseled assignment of error, defendant complains that the trial court erred in holding a habitual offender rehearing, since 1) the rehearing violated his constitutional right to a speedy trial, and 2) this Court did not authorize a rehearing in its October 28, 2008 opinion. Regarding the first issue, the State responds that defendant did not preserve his right to appellate review, since he did not make a timely objection below. As to defendant’s second argument, the State responds that it is not precluded from re-litigating a habitual offender bill, since double jeopardy principles do not apply to habitual offender proceedings.
 

 |fiOn May 15, 2009, defendant filed a motion to quash the habitual offender bill of information in the trial court, but the motion did not raise the speedy trial issue. Accordingly, he failed to preserve this issue for appeal. LSA-C.Cr.P. art. 841. Nevertheless, even if we address defendant’s speedy trial argument, we find that it is without merit.
 

 LSA-C.Cr.P. art. 874 provides that a sentence shall be imposed without unreasonable delay. While LSA-R.S. 15:529.1 does not establish a time limit for habitual offender proceedings, the jurisprudence holds that a habitual offender bill must be filed within a reasonable time after the State learns the defendant has prior felony convictions.
 
 State v. Muhammad,
 
 03-2991, p. 14 (La.5/25/04), 875 So.2d 45, 55;
 
 State v. Torres,
 
 05-260, p. 6 (La.App. 5 Cir. 11/29/05), 919 So.2d 730, 734,
 
 writ denied,
 
 06-0697 (La.10/6/06), 938 So.2d 65. Speedy trial concerns also require that habitual offender proceedings be completed in a timely manner.
 
 State v. Muhammad,
 
 03-2991 at 15, 875 So.2d at 55. The longer the State delays filing and is responsible for postponing completion of the habitual offender proceeding, the more likely it is that the delay will be charged against the State.
 
 Id.
 

 In the present case, the delays in defendant’s final habitual offender finding and sentencing have not been due to abusive behavior on the State’s part. The delays can be attributed, in large part, to defendant’s appeals. The record in this matter shows the State requested only one continuance after this Court’s remand to the trial court, and that the State requested the continuance in order to obtain a writ to have defendant brought to court. Accordingly, the record does not show that defendant’s speedy trial rights have been violated.
 

 We also find no merit in defendant’s argument that this Court’s previous opinion did not authorize the trial court to hold a new habitual offender hearing. Defendant contends that the State failed to meet its burden of proof at the first Inhabitual offender hearing, and that his due process rights were violated when the trial court allowed the State a second chance to provide sufficient evidence to support the allegations in the habitual offender bill of information.
 

 In its earlier opinion, this Court vacated the trial court’s habitual offender adjudication and sentence and remanded the case “for further proceedings.”
 
 State v. Jones,
 
 08-466 at 9, 998 So.2d at 184. Although this Court’s opinion did not specifically state that defendant’s habitual offender
 
 adjudication
 
 was vacated, the language of the opinion as a whole reveals that this Court intended to vacate both the habitual offender finding
 
 and
 
 sentence, and we construe the ruling in that opinion as such. Further, the trial court did not err in allowing the State a second opportunity to
 
 *1166
 
 introduce its exhibits into evidence. Since a habitual offender hearing is not a trial, the principles of double jeopardy do not apply.
 
 State v. Dorthey,
 
 623 So.2d 1276, 1279 (La.1993).
 

 In
 
 State v. Mazique,
 
 06-708 (La.App. 5 Cir. 1/30/07), 951 So.2d 1182, the defendant was found to be a third felony offender after a habitual offender hearing. At the hearing the trial court took judicial notice of the records pertaining to the predicate offenses, but the State neglected to introduce the records into evidence. Id., 06-708 at 6, 951 So.2d at 1185. On appeal, this Court found the State’s failure to introduce those records was error, and it vacated the habitual offender finding and sentence. Id., 06-708 at 6, 951 So.2d at 1186. As it did in the instant case, this Court remanded the matter to the trial court. This Court noted that “in such cases the defendant can be retried on a multiple bill since double jeopardy does not attach to multiple offender hearings.”
 
 Id.
 

 Based on the foregoing, we find that the trial court did not err by holding a rehearing on the habitual offender bill of information and defendant’s due process rights were not violated. Thus, this assignment of error is without merit.
 

 |7In additional to his counseled brief, defendant filed a supplemental pro se brief asserting three assignments of error. In his first pro se assignment of error, defendant complains that his counsel rendered ineffective assistance by failing to ensure that he was advised of his constitutional right to remain silent before offering a stipulation at the habitual offender rehearing that he (defendant) was the same person who was convicted of the alleged predicate felonies.
 

 A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution.
 
 State v. Myers,
 
 07-854, p. 19 (La.App. 5 Cir. 4/29/08), 981 So.2d 214, 228,
 
 writ denied,
 
 08-1325 (La.2/13/09), 999 So.2d 1145. To establish a claim of ineffective assistance of counsel, a defendant must demonstrate: 1) that his attorney’s performance fell below an objective standard of reasonableness under prevailing professional norms; and 2) that his counsel’s errors or omissions resulted in prejudice so great as to deprive the defendant of a fair trial or a trial whose result is reliable. Id. (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
 
 State v. Lacaze,
 
 99-0584, p. 20 (La.1/25/02), 824 So.2d 1063, 1078,
 
 cert. denied,
 
 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002)).
 

 Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted.
 
 State v. Taylor,
 
 04-346, p. 10 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of error on appeal, it may be addressed in the interest of judicial economy.
 
 Id. In
 
 this instance, the record is sufficient to address the issue on appeal.
 

 IsAt the beginning of the habitual offender rehearing, defense counsel stated, “And to move this along, after discussing this with Mr. Jones, we will stipulate to identity that Mr. Jones is the same — Do I have your permission to do that, Mr. Jones?” The transcript indicates that defendant responded by nodding his head. Counsel then stated, “That he is the same Percy Jones so we won’t need a fingerprint expert.” The prosecutor replied,
 
 *1167
 
 “I’ll certainly accept the stipulation that the defendant is—that the defendant who is convicted in the trial in this court is the same person in the three predicates or links which are alleged in the multiple bill.”
 

 In order for a defendant to be found a habitual offender, the state is required to prove the existence of a prior felony conviction and that the defendant is the same person who was convicted of the prior felony.
 
 State v. Nguyen,
 
 04-321, p. 19 (La.App. 5 Cir. 9/28/04), 888 So.2d 900, 912,
 
 writ denied,
 
 05-0220 (La.4/29/05), 901 So.2d 1064. LSA-R.S. 15:529.1 D(1)(a) provides that the trial court shall inform a defendant of the allegations contained in the information and of his right to be tried as to the truth thereof according to law. Implicit in this directive is the additional requirement that the defendant be advised of his constitutional right to remain silent.
 
 State v. Morgan,
 
 06-529, p. 22 (La.App. 5 Cir. 12/12/06), 948 So.2d 199, 213. Generally, a trial court’s failure to advise the defendant of his right to a habitual offender hearing or his right to remain silent is considered harmless error when the defendant’s habitual offender status is established by competent evidence offered by the State at a hearing rather than by admission of the defendant.
 
 State v. Schnyder,
 
 06-29, p. 10 (La.App. 5 Cir. 6/28/06), 937 So.2d 396, 403.
 

 In the instant case, the State did not prove defendant’s identity through testimony at the habitual offender rehearing and there is nothing in the transcript of the habitual offender rehearing to show that defendant was advised of his habitual | ¡¡offender rights prior to the stipulation as to identity. Nevertheless, based on the circumstances of this case, we find that defense counsel’s error in failing to ensure that defendant was advised of his right to remain silent was harmless, because the record does not show that he was prejudiced.
 

 At the original habitual offender hearing, the State presented evidence to establish defendant’s identity as the same person convicted of the three alleged prior felonies. The State produced a fingerprint expert, Technician Chad Pittfield, who reviewed the State’s evidence and identified defendant as the same person who was convicted of the three predicate felonies. Although a State exhibit or exhibits were not properly entered into the record at the first habitual offender hearing, the State’s fingerprint expert presumably would have made the same finding at the habitual offender rehearing based on the fingerprints contained in the State’s evidence.
 

 Based on the foregoing, we find that defendant has not shown that he received ineffective assistance of counsel. Thus, this assignment of error is without merit.
 

 In his second pro se assignment of error, defendant argues that the State failed to prove his status as a fourth felony offender, because it failed to show that he was advised of his right of confrontation before entering guilty pleas to the predicate felonies alleged in the habitual offender bill of information.
 

 As stated above, in a habitual offender proceeding, the State is required to establish both the prior felony conviction and that the defendant is the same person convicted of that felony. When the State seeks to use a prior guilty plea to enhance punishment under LSA-R.S. 15:529.1, the State must prove the fact of conviction and that the defendant was represented by counsel—or waived counsel—at the time he entered the plea.
 
 State v. Zachary,
 
 01-3191, p. 3 (La.10/25/02), 829 So.2d 405, 407 (per curiam), citing
 
 State v. Shelton,
 
 621 So.2d 769, 779-80 (La.1993);
 
 State v. Fleming,
 
 04-1218, p. 4 (La.App. 5 Cir.
 
 *1168
 
 4/26/05), 902 So.2d 451, 455-56,
 
 writ denied,
 
 05-1715 (La.2/10/06), 924 So.2d 161. Thereafter, the defendant bears the burden of proving a procedural defect in the proceedings or an infringement of his constitutional rights. If the defendant meets his burden, the State must prove the constitutionality of the predicate plea.
 
 Id.
 

 At the habitual offender rehearing on May 1, 2009, counsel stipulated that defendant was the same person who was convicted of the prior felonies. As proof of the prior guilty pleas, the State offered the following: State’s Exhibit 2, which included certified copies of the indictment in district court case number 96-3413, a minute entry documenting defendant’s guilty plea to manslaughter on February 19, 1997, and a waiver of rights form; State’s Exhibit 5, which included certified copies of a bill of information in district court case number 95-2767, a minute entry documenting defendant’s guilty plea to theft between $100 and $500 on March 29, 1996, and a waiver of rights form; and State’s Exhibit 6, which included certified copies of a bill of information in district court case number 366-526, a docket master documenting defendant’s guilty plea to attempted possession of a firearm by a convicted felon on September 28,1995, a waiver of rights form, and a document that appears to be a commitment pertaining to case number 366-526.
 

 Based on the documentation presented, the State met its initial burden of proving the existence of the prior guilty pleas, and that defendant was represented by counsel. The burden thus shifted to defendant to establish a defect in the proceedings or an infringement of his constitutional rights.
 

 Defense counsel objected to the three predicate felony convictions on grounds that the State’s documentation failed to show defendant was advised of his constitutional right of confrontation before he pled guilty to the predicate felonies. The State responded that each of the waiver of rights forms offered into evidence showed defendant was advised of all of his constitutional rights — including his right |nof confrontation — when he entered the predicate guilty pleas. The trial judge admitted the State’s exhibits into evidence over counsel’s objections.
 

 The waiver of rights/guilty plea forms included in State’s Exhibits 2, 5, and 6 show that defendant was advised of all three of his Boykin
 
 [1]
 
 rights when he entered three predicate guilty pleas, including his right of confrontation. Those forms were initialed by defendant and were also signed by defendant, his attorney, and the judge. Additionally, State’s Exhibits 2, 5, and 6 included commitments and/or minute entries that showed defendant was advised of his rights and that he waived them. Based on the evidence before us, we find that defendant failed to meet his burden of proving a procedural defect in the proceedings or an infringement of his constitutional rights.
 

 In his third pro se assignment of error, defendant argues that his life sentence as a fourth felony offender is excessive, considering that the underlying felony and two of his three predicate felonies were non-violent offenses.
 

 Defense counsel made a motion to reconsider sentence both orally and in writing in the trial court, but he did not state specific grounds for his motion. Rather, he simply objected to the “excessive and harsh nature” of the sentence imposed, and the trial court summarily denied the
 
 *1169
 
 motion. The failure to state the specific grounds upon which a motion to reconsider sentence is based limits a defendant to a review of the sentence for constitutional excessiveness. LSA-C.Cr.P. art. 881.1;
 
 State v. Clark,
 
 05-61, p. 16 (La.App. 5 Cir. 6/28/05), 909 So.2d 1007, 1017,
 
 writ denied,
 
 05-2119 (La.3/17/06), 925 So.2d 538. Accordingly, we review defendant’s sentence for constitutional excessiveness.
 

 |12A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion.
 
 Id.
 
 On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. Id., 01-2574 at 6-7, 839 So.2d at 4. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and is, therefore, given broad discretion in sentencing.
 
 State v. Williams,
 
 03-3514, p. 14 (La.12/13/04), 893 So.2d 7, 16;
 
 State v. Cook,
 
 95-2784 (La.5/31/96), 674 So.2d 957, 958,
 
 cert. denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
 

 Based on defendant’s underlying conviction and prior convictions, defendant’s sentencing exposure was 20 years to life, pursuant to LSA-R.S. 15:529.1 A(l)(c)(i). In imposing a life sentence, the trial judge commented, “I remember this case, Mr. Jones. I remember this being that church van for those special needs children, and, that wasn’t a nice thing that you did. Those kids were left without transportation to a church function. And based upon that, and all your other priors, the Court is going to sentence you to life without benefit of probation or suspension of sentence.”
 

 The habitual offender bill of information in the record indicates that defendant has a prior conviction for a crime of violence, manslaughter. The bill of information shows that he had been charged with second degree murder, which carries a mandatory life sentence, but he later pled guilty in 1997 to manslaughter. Defendant received a sentence of only five years at hard labor for the manslaughter 11sconviction. He also has prior convictions for theft and attempted possession of a firearm by a convicted felon. The documents in State’s Exhibit 6 show that the attempted possession of a firearm by a convicted felon conviction was based on a prior conviction for attempted burglary.
 

 Defendant argues that a life sentence is disproportionate to the severity of his underlying offense, possession of a stolen vehicle. However, considering the record before us, we cannot say that the trial judge abused his broad discretion in imposing the maximum sentence of life imprisonment as a fourth felony offender. Accordingly, this assignment of error is without merit.
 

 ERRORS PATENT
 

 Defendant requests an error patent review. This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether defendant makes such a request. Since this appeal pertains only to defendant’s habitual offender proceedings, the error patent review was limited to those proceedings. Our review did not reveal any errors that require corrective action.
 

 
 *1170
 

 DECREE
 

 For the foregoing reasons, we affirm defendant’s adjudication as a fourth felony offender and his sentence of life imprisonment.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).